# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7477 | **DATE** | 12/1/2003 |
| **CASE TITLE** | Safety National CasualtyCorp. Vs. Dominick's Finer Foods, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Accordingly the Answer and Counterclaim are stricken. Dominick's counsel are granted leave to file a self-contained Answer and counterclaim in this Court's chambers on or before December 16, 2003, failing which this Court would be constrained to dismiss this action for lack of federal subject matter jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | DEC 3 2003 date docketed | |
| | Notified counsel by telephone. | | | 4 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 12/2/2003 date mailed notice | |
| SN | courtroom deputy's initials | 03 DEC -2 PM 12:22 U.S. DISTRICT COURT CLERK | SN mailing deputy initials | |
| | | Date/time received in Central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SAFETY NATIONAL CASUALTY )
CORPORATION, )
 )
 Plaintiff, )
 )
 v. ) No. 03 C 7477
 )
DOMINICK'S FINER FOODS, INC. OF )
ILLINOIS, )
 )
 Defendant. )

MEMORANDUM OPINION AND ORDER

Dominick's Finer Foods, L.L.C. ("Dominick's"), mistakenly sued as Dominick's Finer Foods, Inc. of Illinois[1] by Safety National Casualty Corporation ("Safety"), has filed its Answer and Counterclaim to Safety's Complaint for Declaratory Judgment. Because the Answer discloses a glaring mistake as to the predicate for this Court's federal subject matter jurisdiction, as well as several other departures from sound federal pleading, this memorandum order is issued sua sponte to require that those matters be cured. And on the premise that the subject matter jurisdictional defect is indeed curable, the nonjurisdictional problems will be addressed first.

To begin with, Answer ¶¶2 and 6 do not conform to the clear requirements of the second sentence of Fed. R. Civ. P. ("Rule")

---

[1] Dominick's Answer ¶3 asserts that it is the successor in interest to the corporate defendant named in the Complaint, which "ceased to exist as an independent corporate entity in October 1999."

8(b) that must be satisfied by any party seeking the benefit of a deemed denial. In that respect, see App. ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001).

Next, Answer ¶¶7, 11, 12 and 16 share the unacceptable locution that a document "speaks for itself," rather than complying with the mandate of Rule 8(b) that every allegation must be admitted or denied unless the party qualifies for a deemed denial--see App. ¶3 to State Farm. Moreover, each of those paragraphs compounds the problem by denying Safety's allegations "to the extent" that they pose some stated problem. That assertion is entirely uninformative, leaving it to the reader to guess what the pleader has in mind in that conditional denial.

But the most fundamental problem with the Answer is that it discloses (both in Answer ¶3 and in Counterclaim ¶1) that Dominick's is a limited liability company. That being so, both its place of organization and its principal place of business are wholly irrelevant. Twice this year (once in Hart v. Terminex Int'l, 336 F.2d 541 (7th Cir. 2003) and again just today in Belleville Catering Co. v. Champaign Marketplace, L.L.C., No. 02-3975, slip op. (7th Cir. Dec. 1, 2003)) our Court of Appeals has been compelled to dismiss cases post-judgment when lawyers have

2

committed the same blunder.[2]

Accordingly the Answer and Counterclaim are stricken.[3] Dominick's counsel are granted leave to file a self-contained Answer and Counterclaim in this Court's chambers (with a copy of course being transmitted contemporaneously to Safety's counsel) on or before December 16, 2003, failing which this Court would be constrained to dismiss this action for lack of federal subject matter jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 1, 2003

---

[2] Even worse, <u>Belleville Catering</u> has imposed an extraordinarily severe consequence on the offending counsel for both sides. In this instance, of course, Safety's counsel were obviously unaware of Dominick's noncorporate status, so they cannot be held responsible for having invoked this District Court's diversity jurisdiction in good faith. But no charge is to be made to Dominick's by its counsel for the added work and expense incurred in correcting counsel's errors. Dominick's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

[3] This memorandum order expresses no view as to the appropriateness of the Counterclaim. It should be noted, however, that if and to the extent that it does nothing more than present the flipside of the declaratory relief sought in the Complaint, the Counterclaim would do nothing more than add needless paper to the file and should be forgone (incidentally, in the latter respect, Counterclaim ¶16 misspells "forgo").

3